United States District Court
Southern District of Texas

**ENTERED**

May 22, 2023

Nathan Ochsner, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR CDC MORTGAGE CAPITAL TRUST 2003-HE4, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-HE4,** | § § § § § § | |
| **Plaintiff,** | § § | **Civil Action No. 4:23-cv-00933** |
| **v.** | § § | |
| **RODNEY WASHINGTON,** | § § | |
| **Defendant.** | § | |

## <u>FINAL DEFAULT JUDGMENT</u>

Came on to be considered the above-entitled and numbered cause wherein Plaintiff Deutsche Bank National Trust Company, as Trustee for CDC Mortgage Capital Trust 2003-HE4, Mortgage Pass-Through Certificates, Series 2003-HE4 ("Plaintiff") is the Plaintiff and Rodney Washington ("Defendant") is the Defendant. Despite having been duly and legally summoned to appear and answer, Defendant failed to appear and answer, and wholly made default on Plaintiff's claims against him.

Plaintiff's *Original Complaint* ("Complaint") was served upon the Defendant according to law and returned to the Clerk where it remained on file for the time required by law.  The Court has read the pleadings and the papers on file, and is of the opinion that the allegations of Plaintiff's Complaint have been admitted by Defendant.  The Court further finds that Plaintiff does not seek monetary damages against the Defendant, but instead seeks certain declarations and a judgment allowing foreclosure of the real property which is the subject of this action.

In light of the Defendant's default and the nature of Plaintiff's claims, the Court orders as follows:

It is **ORDERED, ADJUDGED AND DECREED** that the material allegations of the Complaint be and are deemed admitted as to Defendant Rodney Washington. It is further,

**ORDERED, ADJUDGED AND DECREED** the Motion for Default Judgment is **GRANTED** in its entirety. It is further,

**ORDERED, ADJUDGED AND DECREED** that an event of default has occurred on that certain *Texas Home Equity Note (Fixed Rate – First Lien)* executed on or about August 25, 2003, by Decedent Lois Washington ("Decedent" or "Borrower"), in the principal amount of $48,000.00, originally payable to Axiom Financial Services, a division of Accredited Home Lenders, Inc., a California Corporation ("Axiom") (hereinafter "Note").  It is further,

**ORDERED, ADJUDGED AND DECREED** that that certain *Texas Home Equity Security Instrument (First Lien)* dated August 25, 2003, executed by Decedent, and recorded as Instrument No. W99332 in the real property records of Harris County, Texas ("Security Instrument" and together with the Note, "Loan Agreement"), provides that Plaintiff as the current owner of the Note and mortgagee of the Security Instrument, in the event of a default on the obligations on the Note, with a first lien security interest on that certain real property commonly known as 6234 Rietta Street, Houston, Texas 77016, and more particularly described as follows:

> LOT 18, IN BLOCK 4, OF TIDWELL TIMBERS, A SUBDIVISION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF, RECORDED IN VOLUME 74, PAGE 37 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS. (The "Property").

It is further,

**ORDERED, ADJUDGED AND DECREED** that Plaintiff is the current holder and owner of the Note and beneficiary of the Security Instrument. Plaintiff is also a mortgagee as that term is defined in section 51.0001(4) of the Texas Property Code.  It is further,

**ORDERED, ADJUDGED AND DECREED** that the following are secured by the Security Instrument on the Property: the outstanding balance of the Note; prejudgment interest at the Note interest rate of 8.69%; post-judgment interest at the Note interest rate of 8.69%; and costs of court. It is further,

**ORDERED, ADJUDGED AND DECREED** that Plaintiff or its successors or assigns, may proceed with foreclosure on the Property as provided in the Security Instrument and section 51.002 of the Texas Property Code.  It is further,

**ORDERED, ADJUDGED, AND DECREED** that, should Plaintiff proceed with foreclosure on the Property then, the purchaser at the foreclosure sale will be vested with all of Defendant's interest, rights, and title in the Property.

**ORDERED, ADJUDGED AND DECREED** that all foreclosure notices may be mailed to Defendant Rodney Washington, at 6234 Rietta Street, Houston, Texas 77016. It is further,

**ORDERED, ADJUDGED AND DECREED** that all costs are to be taxed against Defendant, not as a personal judgment but as a further obligation on the debt. It is further,

**ORDERED, ADJUDGED AND DECREED** that this Order is a Final Judgment and fully and finally resolves all claims between Plaintiff and Defendant. All relief requested and not herein granted is denied.

**SIGNED** on this the ____22nd____ day of ____May_____ 2023 at Houston, Texas.

_Lee H. Rosenthal_

Lee H. Rosenthal
United States District Judge